——— FILED ——— ENTERED
——— LODGED ——— RECEIVED

**SEP 1 8 2025**

AT SEATTLE
CLERK U.S. DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
BY                          DEPUTY

Judge JOHN C. COUGHENOUR

# UNITED STATES DISTRICT COURT FOR THE
# WESTERN DISTRICT OF WASHINGTON
# AT SEATTLE

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>Plaintiff,<br><br>v.<br><br>NAHOM GABRESELASSIE,<br><br>Defendant. | NO. CR24-136 JCC<br><br>**PLEA AGREEMENT** |

The United States, through Acting United States Attorney Teal Luthy Miller and Assistant United States Attorney Carolyn Forstein of the Western District of Washington and Nahom Gabreselassie and Gabreselassie's attorney Jeffrey Kradel enter into the following Plea Agreement, pursuant to Federal Rule of Criminal Procedure 11(c)(1)(B).

1. **The Charge.** Defendant, having been advised of the right to have this matter tried before a jury, agrees to waive that right and enters a plea of guilty to the following charge contained in the Indictment.

    a.    False Statement in Application for Passport, as charged in Count 1, in violation of Title 18, United States Code, Section 1542.

Plea Agreement - 1
*United States v. Gabreselassie*, CR24-136 JCC

UNITED STATES ATTORNEY
700 STEWART STREET, SUITE 5220
SEATTLE, WASHINGTON 98101
(206) 553-7970

1  By entering a plea of guilty, Defendant hereby waives all objections to the form of

2  the charging document. Defendant further understands that before entering any guilty

3  plea, Defendant will be placed under oath. Any statement given by Defendant under oath

4  may be used by the United States in a prosecution for perjury or false statement.

5  2.  **Elements of the Offense.** The elements of the offense to which Defendant

6  is pleading guilty are as follows:

7  a.  The elements of False Statement in Application for Passport, as

8  charged in Count 1, are as follows:

9  *First*, the defendant made a false statement in an application for a United

10  States passport;

11  *Second*, the defendant made the statement intending to get a United States

12  passport for his own use; and

13  *Third*, the defendant acted knowingly and willfully.

14  3.  **The Penalties.** Defendant understands that the statutory penalties

15  applicable to the offense to which Defendant is pleading guilty are as follows:

16  a.  For the offense of False Statement in Application for Passport, as

17  charged in Count 1: A maximum term of imprisonment of up to 10 years, a fine of

18  up to $250,000.00, a period of supervision following release from prison of up to 3

19  years, and a mandatory special assessment of $100.00. If a probationary sentence

20  is imposed, the probation period can be for up to five years.

21  Defendant understands that supervised release is a period of time following

22  imprisonment during which Defendant will be subject to certain restrictive conditions and

23  requirements. Defendant further understands that, if supervised release is imposed and

24  Defendant violates one or more of the conditions or requirements, Defendant could be

25  returned to prison for all or part of the term of supervised release that was originally

26  imposed. This could result in Defendant serving a total term of imprisonment greater than

27  the statutory maximum stated above.

Plea Agreement - 2
*United States v. Gabreselassie*, CR24-136 JCC

UNITED STATES ATTORNEY
700 STEWART STREET, SUITE 5220
SEATTLE, WASHINGTON 98101
(206) 553-7970

1    Defendant understands that as a part of any sentence, in addition to any term of

2  imprisonment and/or fine that is imposed, the Court may order Defendant to pay

3  restitution to any victim of the offense, as required by law.

4    Defendant further understands that the consequences of pleading guilty may

5  include the forfeiture of certain property, either as a part of the sentence imposed by the

6  Court, or as a result of civil judicial or administrative process.

7    Defendant agrees that any monetary penalty the Court imposes, including the

8  special assessment, fine, costs, or restitution, is due and payable immediately and further

9  agrees to submit a completed Financial Disclosure Statement as requested by the United

10  States Attorney's Office.

11    Defendant understands that, if pleading guilty to a felony drug offense, Defendant

12  will become ineligible for certain food stamp and Social Security benefits as directed by

13  Title 21, United States Code, Section 862a.

14    4.    **Immigration Consequences.** Defendant recognizes that pleading guilty

15  may have consequences with respect to Defendant's immigration status if Defendant is

16  not a citizen of the United States, or may have consequences with respect to citizenship

17  status if Defendant is a naturalized citizen of the United States. Under federal law, a

18  broad range of crimes are grounds for removal, and some offenses make removal from

19  the United States presumptively mandatory. In some instances, a criminal conviction may

20  be grounds for revocation of naturalized citizenship status. Removal, de-naturalization,

21  and other immigration consequences are the subject of a separate proceeding, and

22  Defendant understands that no one, including Defendant's attorney and the Court, can

23  predict with certainty the effect of a guilty plea on immigration or naturalized citizenship

24  status. Defendant nevertheless affirms that Defendant wants to plead guilty regardless of

25  any consequences that Defendant's guilty plea may entail, even if the consequence is

26  Defendant's removal from the United States or loss of naturalized citizenship.

27

Plea Agreement - 3
*United States v. Gabreselassie*, CR24-136 JCC

UNITED STATES ATTORNEY
700 STEWART STREET, SUITE 5220
SEATTLE, WASHINGTON 98101
(206) 553-7970

5.     **Rights Waived by Pleading Guilty.** Defendant understands that by pleading guilty, Defendant knowingly and voluntarily waives the following rights:

a.     The right to plead not guilty and to persist in a plea of not guilty;

b.     The right to a speedy and public trial before a jury of Defendant's peers;

c.     The right to the effective assistance of counsel at trial, including, if Defendant could not afford an attorney, the right to have the Court appoint one for Defendant;

d.     The right to be presumed innocent until guilt has been established beyond a reasonable doubt at trial;

e.     The right to confront and cross-examine witnesses against Defendant at trial;

f.     The right to compel or subpoena witnesses to appear on Defendant's behalf at trial;

g.     The right to testify or to remain silent at trial, at which trial such silence could not be used against Defendant; and

h.     The right to appeal a finding of guilt or any pretrial rulings.

6.     **United States Sentencing Guidelines.** Defendant understands and acknowledges that the Court must consider the sentencing range calculated under the United States Sentencing Guidelines and possible departures under the Sentencing Guidelines together with the other factors set forth in Title 18, United States Code, Section 3553(a), including: (1) the nature and circumstances of the offense(s); (2) the history and characteristics of Defendant; (3) the need for the sentence to reflect the seriousness of the offense(s), to promote respect for the law, and to provide just punishment for the offense(s); (4) the need for the sentence to afford adequate deterrence to criminal conduct; (5) the need for the sentence to protect the public from further

Plea Agreement - 4
*United States v. Gabreselassie*, CR24-136 JCC

UNITED STATES ATTORNEY
700 STEWART STREET, SUITE 5220
SEATTLE, WASHINGTON 98101
(206) 553-7970

crimes of Defendant; (6) the need to provide Defendant with educational and vocational training, medical care, or other correctional treatment in the most effective manner; (7) the kinds of sentences available; (8) the need to provide restitution to victims; and (9) the need to avoid unwarranted sentence disparity among defendants involved in similar conduct who have similar records. Accordingly, Defendant understands and acknowledges that:

a.     The Court will determine Defendant's Sentencing Guidelines range at the time of sentencing;

b.     After consideration of the Sentencing Guidelines and the factors in 18 U.S.C. 3553(a), the Court may impose any sentence authorized by law, up to the maximum term authorized by law;

c.     The Court is not bound by any recommendation regarding the sentence to be imposed, or by any calculation or estimation of the Sentencing Guidelines range offered by the parties or the United States Probation Department, or by any stipulations or agreements between the parties in this Plea Agreement; and

d.     Defendant may not withdraw a guilty plea solely because of the sentence imposed by the Court.

7.     **Ultimate Sentence.** Defendant acknowledges that no one has promised or guaranteed what sentence the Court will impose.

8.     **Statement of Facts.** Defendant admits Defendant is guilty of the charged offense. The parties agree on the following facts:

a.     In October 2023, Gabreselassie's United States Passport and United States Passport Card were seized by the Drug Enforcement Administration pursuant to a warrant. Gabreselassie received a receipt showing that these items were seized and knew that they had been seized by law enforcement.

b.     On July 26, 2024, Gabreselassie applied for a new United States Passport at the Seattle Passport Agency. Gabreselassie submitted Forms DS-11

Plea Agreement - 5
*United States v. Gabreselassie*, CR24-136 JCC

UNITED STATES ATTORNEY
700 STEWART STREET, SUITE 5220
SEATTLE, WASHINGTON 98101
(206) 553-7970

(Application for U.S. Passport) and DS-64 (Supporting Document of a Reported Lost or Stolen U.S. Passport and/or Card) and signed both forms in front of a Passport Acceptance Agent at the Seattle Passport Agency. On his form DS-64, Gabreselassie wrote that his prior passport had been "stol[]en from my car, it was in my bag." Gabreselassie willfully made this statement in order to obtain a new United States Passport, despite knowing that this statement was false, as his prior passport had been seized by law enforcement, rather than stolen from a car.

c.       By signing and submitting his Forms DS-11 and DS-64, Gabreselassie declared under penalty of perjury that the statements made on the application were true and correct and that he had not knowingly and willfully made false statements or included false documents in support of his application. In signing these forms, he also acknowledged that false statements made knowingly and willfully in passport applications, including affidavits or other documents submitted to support the application, were punishable by fine and/or imprisonment under U.S. criminal statutes, including Title 18, United States Code, Sections 1001, 1542, and 1621.

d.       As a result of the foregoing misrepresentations, Gabreselassie obtained a United States passport and a United States passport card, both issued in his name.

The parties agree that the Court may consider additional facts contained in the Presentence Report (subject to standard objections by the parties) and/or that may be presented by the United States or Defendant at the time of sentencing, and that the factual statement contained herein is not intended to limit the facts that the parties may present to the Court at the time of sentencing.

9.    **Sentencing Factors.** The parties agree that the following Sentencing Guidelines provisions apply to this case:

Plea Agreement - 6
*United States v. Gabreselassie*, CR24-136 JCC

UNITED STATES ATTORNEY
700 STEWART STREET, SUITE 5220
SEATTLE, WASHINGTON 98101
(206) 553-7970

a.    A base offense level of 8 is applicable, pursuant to U.S.S.G. §2L2.2(a).

b.    A 4-level enhancement is applicable, pursuant to U.S.S.G. §2L2.2(b)(3)(A), because the defendant fraudulently obtained a United States Passport.

The parties agree they are free to present arguments regarding the applicability of all other provisions of the United States Sentencing Guidelines. Defendant understands, however, that at the time of sentencing, the Court is free to reject these stipulated adjustments, and is further free to apply additional downward or upward adjustments in determining Defendant's Sentencing Guidelines range.

10.    **Acceptance of Responsibility.** At sentencing, if the Court concludes Defendant qualifies for a downward adjustment for acceptance of responsibility pursuant to USSG § 3E1.1(a) and Defendant's offense level is 16 or greater, the United States will make the motion necessary to permit the Court to decrease the total offense level by three levels pursuant to USSG §§ 3E1.1(a) and (b), because Defendant has assisted the United States by timely notifying the United States of Defendant's intention to plead guilty, thereby permitting the United States to avoid preparing for trial and permitting the Court to allocate its resources efficiently.

11.    **Zero-Point Offender Eligibility.** Defendant may be eligible for a sentencing adjustment pursuant to the Zero-Point Offender provisions at USSG § 4C1.1(a)(1)-(10). If, at the time of sentencing, the United States is satisfied Defendant has met each of the ten requirements, the United States will recommend a two-level reduction to Defendant's sentencing calculation pursuant to USSG § 4C1.1(a). Defendant understands, however, that the Court will ultimately decide whether Defendant qualifies as a Zero-Point Offender.

12.    **Agreed Recommendation Regarding Imprisonment.** Pursuant to Federal Rule of Criminal Procedure 11(c)(1)(B), the parties jointly agree to recommend that the

Plea Agreement - 7
*United States v. Gabreselassie*, CR24-136 JCC

UNITED STATES ATTORNEY
700 STEWART STREET, SUITE 5220
SEATTLE, WASHINGTON 98101
(206) 553-7970

appropriate term of imprisonment to be imposed by the Court at the time of sentencing is a term of time served, which equates to three days. The parties also jointly agree to recommend a one-year term of supervised release. Defendant understands that this recommendation is not binding on the Court and the Court may reject the recommendation of the parties and may impose any term of imprisonment up to the statutory maximum penalty authorized by law. Defendant further understands that Defendant cannot withdraw a guilty plea simply because of the sentence imposed by the Court. Except as otherwise provided in this Plea Agreement, the parties are free to present arguments regarding any other aspect of sentencing.

13.    **Forfeiture of Assets.** Defendant understands the forfeiture of property is part of the sentence that must be imposed in this case. Defendant agrees to forfeit to the United States immediately all of his right, title, and interest in any property that constitutes, is derived from, or is traceable to proceeds obtained directly or indirectly from, and any property used to facilitate, or was intended to be used to facilitate, the commission of *False Statement in Application for Passport*, as charged in Count 1. All such property is subject to forfeiture pursuant to Title 18, United States Code, Section 982(a)(6)(A), and includes, but is not limited to:

a.    one United States passport issued to NAHOM TESFALDET GABRESELASSIE; and

b.    one United States passport card issued to NAHOM TESFALDET GABRESELASSIE.

Defendant agrees to fully assist the United States in the forfeiture of the above-described property and to take whatever steps are necessary to pass clear title to the United States, including but not limited to: surrendering title and executing any documents necessary to effect forfeiture; assisting in bringing any property located outside the United States within the jurisdiction of the United States; and taking whatever steps are necessary to ensure that property subject to forfeiture is not sold, disbursed,

Plea Agreement - 8
*United States v. Gabreselassie*, CR24-136 JCC

UNITED STATES ATTORNEY
700 STEWART STREET, SUITE 5220
SEATTLE, WASHINGTON 98101
(206) 553-7970

1  wasted, hidden, or otherwise made unavailable for forfeiture. Defendant agrees not to file

2  a claim to any such property in any federal forfeiture proceeding, administrative or

3  judicial, which may be or has been initiated. Defendant also agrees he will not assist any

4  party who may file a claim to this property in any federal forfeiture proceeding

5      The United States reserves its right to proceed against any remaining property not

6  identified in this Plea Agreement, including any property in which Defendant has any

7  interest or control, if that property constitutes proceeds of or property that facilitated his

8  commission of the offense charged in Count 1.

9      14.     **Abandonment of Contraband.** Defendant also agrees that, if any federal

10  law enforcement agency seized any illegal contraband that was in Defendant's direct or

11  indirect control, Defendant consents to the federal administrative disposition, official use,

12  and/or destruction of that contraband.

13      15.     **Non-Prosecution of Additional Offenses.** As part of this Plea Agreement,

14  the United States Attorney's Office for the Western District of Washington agrees not to

15  prosecute Defendant for any additional offenses known to it as of the time of this Plea

16  Agreement based upon evidence in its possession at this time, and that arise out of the

17  conduct giving rise to this investigation. In this regard, Defendant recognizes the United

18  States Attorney's Office for the Western District of Washington has agreed not to

19  prosecute all of the criminal charges the evidence establishes were committed by

20  Defendant solely because of the promises made by Defendant in this Plea Agreement.

21  Defendant agrees, however, that for purposes of preparing the Presentence Report, the

22  United States Attorney's Office will provide the United States Probation Office with

23  evidence of all conduct committed by Defendant.

24      Defendant agrees that any charges to be dismissed before or at the time of

25  sentencing were substantially justified in light of the evidence available to the United

26  States, were not vexatious, frivolous or taken in bad faith, and do not provide Defendant

27

Plea Agreement - 9
*United States v. Gabreselassie*, CR24-136 JCC

UNITED STATES ATTORNEY
700 STEWART STREET, SUITE 5220
SEATTLE, WASHINGTON 98101
(206) 553-7970

1  with a basis for any future claims under the "Hyde Amendment," Pub. L. No. 105-119

2  (1997).

3       16.    **Breach, Waiver, and Post-Plea Conduct.** Defendant agrees that, if

4  Defendant breaches this Plea Agreement: (a) the United States may withdraw from this

5  Plea Agreement and Defendant may be prosecuted for all offenses for which the United

6  States has evidence; (b) Defendant will not oppose any steps taken by the United States

7  to nullify this Plea Agreement, including the filing of a motion to withdraw from the Plea

8  Agreement; and/or (c) Defendant waives any objection to the re-institution of any charges

9  that previously were dismissed or any additional charges that had not been prosecuted.

10       Defendant further understands that if, after the date of this Plea Agreement,

11  Defendant should engage in illegal conduct, or conduct that violates any conditions of

12  release or the conditions of confinement (examples of which include, but are not limited

13  to, obstruction of justice, failure to appear for a court proceeding, criminal conduct while

14  pending sentencing, and false statements to law enforcement agents, the Pretrial Services

15  Officer, Probation Officer, or Court), the United States is free under this Plea Agreement

16  to file additional charges against Defendant and/or to seek a sentence that takes such

17  conduct into consideration by requesting the Court to apply additional adjustments or

18  enhancements in its Sentencing Guidelines calculations in order to increase the applicable

19  advisory Guidelines range, and/or by seeking an upward departure or variance from the

20  calculated advisory Guidelines range. Under these circumstances, the United States is

21  free to seek such adjustments, enhancements, departures, and/or variances even if

22  otherwise precluded by the terms of the Plea Agreement.

23       17.    **Waiver of Appellate Rights and Rights to Collateral Attacks.** Defendant

24  acknowledges that, by entering the guilty plea required by this Plea Agreement,

25  Defendant waives all rights to appeal from Defendant's conviction, and any pretrial

26  rulings of the Court, and any rulings of the Court made prior to entry of the judgment of

27  conviction. Defendant further agrees that, provided the Court imposes a custodial

Plea Agreement - 10
*United States v. Gabreselassie*, CR24-136 JCC

UNITED STATES ATTORNEY
700 STEWART STREET, SUITE 5220
SEATTLE, WASHINGTON 98101
(206) 553-7970

sentence that is within or below the Sentencing Guidelines range (or the statutory mandatory minimum, if greater than the Guidelines range) as determined by the Court at the time of sentencing, Defendant waives to the full extent of the law any right conferred by Title 18, United States Code, Section 3742, to challenge, on direct appeal, the sentence imposed by the Court, including any fine, restitution order, probation or supervised release conditions, or forfeiture order (if applicable). This includes any procedural challenges to the sentence, including any claim that the procedure employed at sentencing violated Defendant's constitutional rights.

Defendant also agrees that, by entering the guilty plea required by this Plea Agreement, Defendant waives any right to bring a collateral attack against the conviction and sentence, including any restitution order imposed, except as it may relate to the effectiveness of legal representation or a claim of prosecutorial misconduct based on facts unknown or not reasonably discoverable prior to entry of the judgment of conviction.

Defendant acknowledges that certain claims, including certain claims for prosecutorial misconduct, will be barred by operation of law by virtue of their guilty plea, independently from this Plea Agreement. This waiver does not preclude Defendant from bringing an appropriate motion to address the conditions of Defendant's confinement or the decisions of the Bureau of Prisons regarding the execution of Defendant's sentence.

If Defendant breaches this Plea Agreement at any time by appealing or collaterally attacking (except as to claims not subject to the waiver, above) the conviction or sentence in any way, the United States may prosecute Defendant for any counts, including those with mandatory minimum sentences, that were dismissed or not charged pursuant to this Plea Agreement.

18.    **Voluntariness of Plea.** Defendant agrees that Defendant has entered into this Plea Agreement freely and voluntarily, and that no threats or promises were made to induce Defendant to enter a plea of guilty other than the promises contained in this Plea Agreement or set forth on the record at the change of plea hearing in this matter.

Plea Agreement - 11
*United States v. Gabreselassie*, CR24-136 JCC

UNITED STATES ATTORNEY
700 STEWART STREET, SUITE 5220
SEATTLE, WASHINGTON 98101
(206) 553-7970

19. **Statute of Limitations.** In the event this Plea Agreement is not accepted by the Court for any reason, or Defendant breaches any of the terms of this Plea Agreement, or Defendant withdraws from this Plea Agreement after it has been accepted by the Court, the statute of limitations shall be deemed to have been tolled from the date of the Plea Agreement to: (1) thirty days following the date of non-acceptance of the Plea Agreement by the Court; or (2) thirty days following the date on which a breach of the Plea Agreement by Defendant is discovered by the United States Attorney's Office; or (3) thirty days following the grant of a motion to withdraw from the Plea Agreement.

20. **Completeness of Plea Agreement.** The United States and Defendant acknowledge that these terms constitute the entire Plea Agreement between the parties, except as may be set forth on the record at the change of plea hearing in this matter. This Plea Agreement binds only the United States Attorney's Office for the Western District of Washington. It does not bind any other United States Attorney's Office or any other office or agency of the United States, or any state or local prosecutor.

Dated this 18th day of September, 2025.

NAHOM GABRESELASSIE
Defendant

JEFFREY KRADEL
Attorney for Defendant

AMY JAQUETTE
Assistant United States Attorney

CAROLYN FORSTEIN
Assistant United States Attorney

Plea Agreement - 12
*United States v. Gabreselassie*, CR24-136 JCC

UNITED STATES ATTORNEY
700 STEWART STREET, SUITE 5220
SEATTLE, WASHINGTON 98101
(206) 553-7970